IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| WILLIAM JONES, | ) |
| Plaintiff | ) 1:23-CV-00199-SPB |
| vs. | ) RICHARD A. LANZILLO |
| | ) CHIEF UNITED STATES MAGISTRATE JUDGE |
| CHCA EDWARDS, DR. BAIRD, PA STROUP, PA JACOBSON, PABON, BLUMENSTEIN, DOUGHERTY, FOX, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES, | ) OMNIBUS REPORT AND RECOMMENDATION ON PENDING MOTIONS TO DISMISS |
| Defendants | ) ECF NO. 56 |
| | ) ECF NO. 70 |

I.  Recommendation

Pending before the Court is a motion to dismiss Plaintiff's Amended Complaint filed by Defendants Dougherty, Blumenstein, Pabon, Edwards, and Fox (collectively, "DOC Defendants") (ECF No. 56), and motion to dismiss, or in the alternative for summary judgment, filed by Defendants Baird, Jacobson, and Stroup (collectively, "Medical Defendants") (ECF No. 70). Both motions are before the Undersigned for Report and Recommendation pursuant to 28 U.S.C. §636(b)(1). For the reasons stated herein, it is respectfully recommended that (1) the DOC Defendants' motion be **GRANTED** as to the claim against Defendant Edwards and **DENIED** as to the claim against Defendants Pabon, Blumenstein, Dougherty, and Fox; and (2) the Medical Defendants' motion to dismiss all claims against them be **GRANTED**.

1

II.     Report

    A.  Introduction and Relevant Procedural Background

Plaintiff William Jones ("Jones"), a prisoner in the custody of the Pennsylvania Department of Corrections ("DOC"), commenced this pro se civil rights action against five DOC employees and three privately employed medical providers who work at the DOC's State Correctional Institution at Albion, where Jones is incarcerated. Jones' Amended Complaint (ECF No. 59) is the operative pleading before the Court. Jones alleges that (1) DOC Defendants Pabon, Dougherty, Blumenstein, and Fox used excessive force while handcuffing him and then beat and mocked him after he was restrained, (2) DOC employee Defendant Edwards, who serves as the Corrections Healthcare Administrator ("CHCA") at SCI-Albion, and the privately employed Medical Defendants responded with deliberate indifference to the serious injuries he sustained during the excessive force incident. *See* ECF No. 59, ¶¶ 14-16, 23-26.

The DOC Defendants have moved to dismiss Jones' Amended Complaint, arguing that his allegations are too vague and conclusory to satisfy the pleading requirements of Fed. R. Civ. P. 8, and as pertains to DOC Defendant Edwards, that the Amended Complaint fails to allege facts sufficient to state a claim against him. *See* ECF No. 57, pp. 4-6. In support of their motion to dismiss, the Medical Defendants argue that Jones' Amended Complaint does not allege facts sufficient to show their personal involvement in actionable conduct and, in the alternative, they move for summary judgment based on the affirmative defense that Jones did not exhaust his administrative remedies. *See* ECF No. 71, ¶¶ 6-8.

B. Factual Allegations

Jones' Amended Complaint alleges the following facts, the truth of which is assumed for purposes of the pending motions: On April 29, 2023, corrections officers were in the process of handcuffing Jones when Defendant Pabon "jumped on" Jones' back and "choke[d] him out while Defendant Blumenstein grab[bed] Jones' arm, twisted [it] behind his back and put all his weight on the left toe in full force." ECF No. 59, ¶ 13. The Amended Complaint further alleges that Defendant Dougherty "slammed" Jones' head to the ground, "kneed" his head and neck, and punched the "inside" of Jones' head. *Id.*, ¶ 14. Jones then lost consciousness. *Id.* DOC Defendant Fox also grabbed Jones' neck and "slammed" Jones through a door, "bouncing" Jones' head off a wall. Jones alleges that Fox told him to keep his "mouth closed when the camera came on" and not to "express none your injuries to medical staff." *Id.*, ¶ 15. Jones alleges that he sustained a swollen hand, injured fifth digit, swollen left knee, aggravation of prior injury to his Achilles tendon, and associated pain because of this incident. *Id.*, ¶ 16. Jones asserts Pabon, Bloomstein, Dougherty, and Fox used excessive force against him in violation of his rights under the Eighth Amendment to the Constitution. *Id.*, ¶¶ 18-21. The Amended Complaint alleges that Defendant Edward's status as prison CHCA made him "legally responsible for the operation of SCI Albion prisoner medical department … [and] the healthcare of all inmates of that prison." *Id.*, ¶¶ 4, 22. The Amended Complaint alleges that Jones sent Edwards multiple requests for an MRI test but, apparently, no such test was performed. *Id.*, ¶ 22.

Regarding the privately employed Medical Defendants, the Amended Complaint alleges in conclusory terms that they were "negligent" and "neglectful" toward Jones' medical condition, thereby "practicing medical malpractice." *Id.* As to Medical Defendant Baird specifically, the allegations are even more threadbare, stating only that "Baird [was]

3

deliberate[ly] indifferen[t]." *Id.*, ¶ 23. Similarly, as to Defendant Jacobson, the Amended Complaint alleges only that he was deliberately indifferent by delaying "access to treatment," perhaps at a hospital, but the Amended Complaint is not clear. *Id.*, ¶ 24. As to Defendant Stroup, the Amended Complaint alleges that he did not "carry out medical orders, ... fail[ed] to act on medical recommendation for surgery." *Id.*, ¶ 25.

C. Standard of Review

1. Fed. R. Civ. P. 8

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) of the FRCP provides that each allegation in a pleading "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Such a statement must simply 'give the defendant fair grounds upon which it rests.'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citation omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Id.* at 512 (citations omitted). In *Bell Atlantic v. Twombly*, however, the Supreme Court held that Rule 8 "requires a 'showing,' rather than a blanket assertion of entitlement to relief." 550 U.S. 544, 556 n. 3 (2007). "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* Further, Rule 8 "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented' and does not authorize a pleader's 'bare averment that he wants relief and is entitled to it.'" *Id.* (quoting 5 C. Wright & A. Miller, *supra*, § 1202, p. 94, 95).

A court may dismiss a complaint for failure to comply with Rule 8 "only if it is clear that

4

no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Dismissal on Rule 8 grounds is "usually reserved for those cases in which the complaint is so confused, ambiguous, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988). To merit dismissal, the complaint must be so long and confusing as to "overwhelm the defendant's ability to understand or to mount a response." *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir.2004). Further, the complaint is to be liberally construed in favor of the plaintiff, and its material allegations taken as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1968). Only when the pleading fails to meet this liberal standard should it be dismissed under Rule 12(b)(6). 5 Wright and Miller, *supra*, § 1356, p. 594. Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. *Denton v. Hernandez*, 504 U.S. 319, 325 (1989).

2. Fed. R. Civ. P. 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a Rule 12(b)(6) motion to dismiss, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). The "court[] generally consider[s] only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim" when considering the motion to dismiss. *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997)).

In making its determination under Rule 12(b)(6), the court is not opining on whether the

plaintiff is likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Furthermore, a complaint should only be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional Rule 12(b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41, 78 (1957)).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, it must provide more than labels and conclusions. *See Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as explained in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions disguised as factual allegations. *See Twombly*, 550 U.S. at 555; *McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Put another way, in assessing a motion to dismiss, while the Court must view the factual allegations of the pleading at issue as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). Expounding on the *Twombly/Iqbal* line of cases, the Third Circuit has articulated the following three-step approach:

6

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Finally, because Jones is proceeding pro se, his complaint will be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the court can reasonably read a *pro se* litigant's pleadings to state a valid claim upon which relief could be granted, it will do so despite the litigant's failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *See Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969). Despite this leniency, however, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996)).

The Defendants' motions have been reviewed with these standards in mind.

7

### D. Discussion and Analysis

1. The DOC Defendants' motion (ECF No. 56) to dismiss based on non-compliance with Rule 8 should be denied and the excessive force claim against DOC Defendants Pabon, Blumenstein, Dougherty, and Fox should be permitted to proceed.

The DOC Defendants argue that once Jones' legal conclusions are eliminated from the Amended Complaint, what is left is "little more than a limited narrative without any understandable basis for liability." ECF No. 57, pp. 3-4. As to DOC Defendants Pabon, Blumenstein, Dougherty, and Fox, the Court disagrees. The Amended Complaint identifies the specific conduct committed by each of these Defendants that Jones claims constituted excessive force: Pabon "jumped on" Jones' back and "choke[d] him out while Defendant Blumenstein grab[bed] Jones' arm, twisted [it] behind his back and put all his weight on the left toe in full force" (ECF No. 59, ¶ 13); Defendant Dougherty "slammed" Jones' head to the ground, "kneed" his head and neck, and punched the "inside" of Jones' head., resulting in Jones' loss of consciousness (*id.*, ¶ 14); and DOC Defendant Fox grabbed Jones' neck and "slammed" Jones through a door, "bouncing" his head off a wall and then told him to keep his "mouth closed when the camera came on" and not to "express none your injuries to medical staff." *Id.*, ¶ 15. Jones states the date and time of the incident at issue and provides some context regarding the circumstances of the incident (i.e., that it occurred while he was being handcuffed). He also identifies the injuries he allegedly sustained in the incident. This information is more than sufficient to allow the Defendants Pabon, Blumenstein, Dougherty, and Fox to respond and prepare a defense.[1]

---

[1] The Court acknowledges that Jones' handwriting is extremely small and occasionally sloppy, making his pleading difficult to read. This difficulty is increased by his poor spelling and syntax. But Jones' Amended Complaint nevertheless satisfies the rudimentary pleadings standards of Rule 8. *See, e.g., Cummings v. Weller*, 2023 WL 4195844, at *1 (M.D. Pa. May 9, 2023). Additionally, because Jones is proceeding pro se, his Amended Complaint also must be read liberally and with some degree of latitude for poor handwriting, spelling and grammar. *See, e.g., Langdon v. Google, Inc.*, 474 F. Supp. 2d 622, 629 (D. Del. 2007).

8

2. The DOC Defendants' motion to dismiss should be granted as to Defendant Edwards because the Amended Complaint fails to allege facts to support his personal involvement in actionable conduct.

In contrast to the allegations against Pabon, Blumenstein, Dougherty, and Fox, those against DOC Defendant Edwards are deficient. This deficiency, however, is not a Rule 8 violation but, rather, a simple failure to allege facts to support a claim against Edwards, i.e., a Rule 12(b)(6) deficiency. The Amended Complaint identifies Edwards as the CHCA for SCI-Albion and avers that he is "legally responsible for the operation of SCI Albion prisoner medical department … [and] the healthcare of all inmates of that prison." ECF No. 59, ¶¶ 4, 22. The Amended Complaint's only factual allegations against Edwards is that Jones sent him requests for an MRI test. *Id.*, ¶ 22.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). *See also Miller v. Chester Cnty. Commissioners*, 2024 WL 3606334, at *3 (E.D. Pa. July 31, 2024). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). *See also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Thus, Jones must allege facts to support a plausible inference that Edwards played an "affirmative part" in the

9

alleged misconduct. *See, e.g., Thomas v. Wetzel*, 2024 WL 3034587, at *4 (W.D. Pa. June 17, 2024). He has not done so here.

First, his conclusory allegations about Edwards' position as CHCA do not support an inference of personal involvement. Jones acknowledges that, in contrast to the Medical Defendants, DOC Defendant Edwards is a healthcare administrator, not a medical provider. *See* ECF No. 59, ¶ 4. "'To state an Eighth Amendment claim of deliberate indifference against' a corrections healthcare administrator, [Jones] must show that [Edwards] 'possessed actual knowledge or a reason to believe that prison doctors or their assistants [were] mistreating (or not treating) him.'" *Thomas v. Dragovich*, 142 Fed. Appx. 33, 39 (3d Cir. 2005) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)); *see also Trainor v. Wellpath, et al.*, 2021 WL 3913970, at *10 (W.D. Pa. Sept. 1, 2021). The Amended Complaint alleges no facts to support such an inference against Edwards. Instead, the Amended Complaint appears to premise Edwards' liability solely on his role as a healthcare administrator and Edwards' receipt of Jones' request to staff forms. *See* ECF No. 59, ¶ 22 ("Jones send Edwards numerous request to staff about his injuries in need a MRI"). But the Amended Complaint does not allege that Edwards personally denied the requested MRI; nor does it allege facts to support an inference that an MRI was medically necessary to diagnose or treat Jones' injuries. Furthermore, Jones' vague reference to requesting an MRI does not support an inference that Edwards knew or should have known that Jones was receiving inadequate medical care or treatment from his medical providers. Edwards' request to staff forms regarding the MRI do not make Edwards "directly responsible—whether through his own actions, a policy for which he was responsible, or his knowledge and acquiescence in subordinates' behavior—for" the medical care Jones received. *See Walker v. Glunt*, 654 Fed. Appx. 531, 533 (3d Cir. 2016) ("here, [inmate] only broadly alleged that

[defendant] received his 'request slip' after the incident, but did not respond. [Inmate] has not alleged [defendant]'s knowledge or acquiescence with the required particularity"); *Alston v. Little*, 2023 WL 5943456, at *8 (W.D. Pa. May 15, 2023), *report and recommendation adopted sub nom. Alston v. Little*, 2023 WL 5199580 (W.D. Pa. Aug. 14, 2023) (holding the inmate's sending of request slips to CHCA did not alone support his knowledge of alleged inadequate care by medical providers); *accord Enlow v. Beard*, 2013 WL 5332139, *5 (W.D. Pa. Sept. 23, 2013) (holding that plaintiff has not shown personal involvement on the part of the defendants to whom he allegedly sent inmate request slips informing them of the inappropriate bunk transfer)).

Therefore, the DOC Defendants' motion to dismiss should be granted as to the claims against DOC Defendant Edwards.

> 3. The Medical Defendants' motion for summary judgment based on its exhaustion defense should be denied without prejudice, but its motion to dismiss pursuant to Rule 12(b)(6) should be granted.

The Medical Defendants have moved to dismiss Jones' Amended Complaint pursuant to Rule 12(b)(6). ECF No. 70. They contend that Jones has failed to allege facts to support their personal involvement in the deprivation of his constitutional rights. *Id.*; *see also* ECF No. 71. In the alternative, they have moved for summary judgment pursuant to Rule 56, arguing that Jones failed to exhaust his administrative remedies prior to filing this lawsuit. *Id.* Jones was notified that, because the Medical Defendants have raised the affirmative defense of failure to exhaust, the Court may treat the motion as one seeking summary judgment. *See* ECF No. 80. Jones filed a response in opposition. *See* ECF No. 87.

Because the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), makes an inmate's exhaustion of administrative remedies a precondition to commencing a lawsuit based on prison conditions, the Court will first address the Medical Defendants' exhaustion defense. To establish

11

a plaintiff's failure to exhaust administrative remedies at the summary judgment stage, the moving party must produce a record demonstrating his entitlement to judgment on the defense as a matter of law. Fed. R. Civ. P. 56(c)(1)(A). *See also Brown v. Smith*, 2021 WL 4429847, at *5 (W.D. Pa. Sept. 27, 2021). Typically, this involves a defendant producing the plaintiff's entire grievance record relating to the subject matter of the claim or claims asserted in his lawsuit. *See, e.g., Green v. Maxa*, 2019 WL 1207535, at *6 (W.D. Pa. Mar. 14, 2019); *Jackson v. Superintendent Greene SCI*, 671 Fed. Appx. 23, 24 (3d Cir. 2016). Where the plaintiff has failed to file a grievance concerning his claim or claims, missed a step in the grievance process, or otherwise deviated from the procedural requirements of DC-ADM 804, an affidavit from a person with knowledge or a properly authenticated business record affirming factually the plaintiff's failure to properly exhaust is normally sufficient to satisfy the defendant's burden of production. *See* Fed. R. Civ. P. 56(c)(4); *Wiggins v. Correct Care Solutions, LLC*, 2017 WL 11550519, at *5, *7-8 (E.D. Pa. May 9, 2017); *Muhammad v. Sec'y Pa. Dep't of Corrs.*, 621 Fed. Appx. 725, 727 (3d Cir. 2015) (affidavit attesting that plaintiff failed to appeal to SOIGA); *accord Martin v. Pa. Dep't of Corrs.*, 395 Fed. Appx. 885, 886 (3d Cir. 2010) (affidavit stating plaintiff "never sought final review"). Here, the Medical Defendants have not provided an affidavit from any DOC official authenticating the grievance records they attached to their motion. Moreover, Jones disputes that he failed to exhaust his remedies, attaching various grievances records and correspondence with DOC officials in support of his argument. Thus, it cannot be said at this juncture that the Medical Defendants have met their burden of production on the exhaustion question given the incompleteness of the grievance record. If this action proceeds against any one or more of the Medical Defendants, they may renew their motion for summary judgment at a later stage of the case.

However, the Court should grant the Medical Defendants motion to dismiss based on the insufficiency of Jones' factual allegations to support a claim under 42 U.S.C. § 1983 or a state law medical negligence claim.

As noted above, individual liability may be imposed under § 1983 only if the state actor played an "affirmative part" in the alleged misconduct. *Brunner v. Oliver*, 2024 WL 3555102, at *5 (W.D. Pa. July 26, 2024) (citing *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)). Defendants in a § 1983 civil rights actions "must have personal involvement in the alleged wrongs...." *Atkinson v. Taylor*, 316 F.3d 257, 271 (3d Cir. 2003); *Rode*, 845 F.2d at 1207-08. The factual recitation of the Amended Complaint fails to allege any actions or omissions on the part of any Medical Defendant beyond boilerplate conclusions of law. *See* ECF No. 59, ¶¶ 13-16. The "Legal Claims" section of the pleading likewise adds no factual meat to the claim. There, Jones alleges that Dr. Baird was "deliberate[ly] indifferen[t] to Plaintiff Jones serious medical needs by Defendant Dr. Baird the acts in statement directly demonstrate indifferent and hostile attitude toward Plaintiff Jones medical needs." *Id.*, ¶ 23. Such conclusory statements do not support a claim for relief. *See, e.g., Gallagher v. Green*, 2014 WL 4954833, at *4 (E.D. Pa. Oct. 2, 2014) (citation omitted). As to Defendant Jacobson, the Legal Claims portion of the Amended Complaint alleges that he was deliberately indifferent by denying or delaying the plaintiff access to medical care at a hospital. ECF No. 59, ¶ 24. He further alleges that Jacobson refused to treat him "unless plaintiff complies with seriously unreasonable condition constitutes deliberate indifference." *Id*. These allegations are too conclusory to support that Jacobson acted with deliberate indifference. Jones does not allege that Jacobson denied him any necessary medical care; nor does he allege facts to support that appropriate care was not or could not be provided within the prison's medical department.

The allegations against Stroup are similarly insufficient. According to Jones, Stroup was deliberately indifferent by failing to carry out a medical order for surgery in a specialized care hospital. *Id.*, ¶ 25. Jones fails to identify what medical order Stroup is alleged to have violated, when he did so, what the recommended surgery was, and who recommended it. Absent such information, Jones' vague allegations fail to elevate his claim beyond conclusory and speculative. *See, e.g., Guthrie v. Noel*, 2023 WL 8115928, at *17 (M.D. Pa. Sept. 11, 2023) (plaintiff failed to state claim by omitting specific allegations of what, when, who, and how). Despite the liberal standards related to notice pleading, the bare allegations alleged here do not state a viable Eighth Amendment claim against Dr. Baird, Jacobson, or Stroup. *See Plummer v. Litzinger*, 2024 WL 3012814, at *3 (W.D. Pa. June 14, 2024) (holding that notice pleading under the Federal Rules is not satisfied by a conclusory statement of legal principles); *Rosario v. Middlesex Cnty. Prosecutor's Off.*, 2024 WL 2846396, at *3 (D.N.J. June 5, 2024).

The Amended Complaint also fails to allege facts sufficient to state a medical malpractice claim against any Medical Defendant. In a passing reference, the Amended Complaint states: "[a]lso how Defendants PA Stroup, Dr. Baird, PA Jacobson was negligent, neglectful toward my medical condition in practicing medical malpractice." ECF No. 59, ¶ 22. "In order to state a claim of negligence under state law, a plaintiff must demonstrate that a 'defendant owed a duty of care to the plaintiff, the defendant breached that duty, the breach resulted in injury to the plaintiff, and the plaintiff suffered actual loss or damage." *Ceasar v. Varner*, 2023 WL 6129786, at *3 n.4 (W.D. Pa. Sept. 19, 2023) (quoting *Green v. Burkhart*, 2016 WL 11478176, at *11 (W.D. Pa. Aug. 11, 2016), *report and recommendation adopted*, 2016 WL 5387653 (W.D. Pa. Sept. 27, 2016) (citations omitted)). Here, Jones offers nothing more than conclusory allegations and legal labels. Such allegations are insufficient to state a claim. *See, e.g., James v. City of*

*Wilkes-Barre*, 700 F.3d 675, 682 (3d Cir. 2012) (reversing denial of motion to dismiss because district court relied on conclusory allegations); *Carson v. Tucker*, 2020 WL 19536554, at *8 (E.D. Pa. Apr. 23, 2020) (holding conclusory allegations insufficient to state a claim).

For the foregoing reasons, the Medical Defendants' motion to dismiss should be granted as to both Jones' § 1983 claim and his state law medical negligence claim.

E. Conclusion

In summary, it is respectfully recommended that DOC Defendants' motion to dismiss (ECF No. 56) be granted in part and denied in part as follows:

a. The motion should be granted as to Jones' Eighth Amendment deliberate indifference to medical needs claim against Defendant Edwards; and denied as to Jones' Eighth Amendment excessive force claim against Defendants Dougherty, Blumenstein, Pabon, and Fox.

b. The Medical Defendants' alternative motion for summary judgment should be denied without prejudice but its motion to dismiss pursuant to Rule 12(b)(6) (ECF No. 70) should be granted as to all Medical Defendants.[2]

F. Leave to Amend

The Court of Appeals for the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The Court may deny leave to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

---

[2] Jones has sued all Defendants in both their individual capacities and their official capacities. Although neither the DOC Defendants nor the Medical Defendants raised the issue, the Court notes that any claim for money damages against the Defendants in their official capacities is barred by sovereign immunity. See *Caesar v. Kemp*, 2024 WL 842169, at *4 (W.D. Pa. Jan. 29, 2024), *report and recommendation adopted*, 2024 WL 839061 (W.D. Pa. Feb. 27, 2024); *Brown v. Smith*, 2019 WL 2411749 (W.D. Pa. June 7, 2019).

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). And though "the grant or denial of an opportunity to amend is within the discretion of the District Court," it may not "outright refus[e] to grant the leave without any justifying reason appearing for the denial." *Id.* These instructions are equally applicable to pro se litigants and those represented by counsel. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

Although Jones has already availed himself of one opportunity to amend his pleading, it cannot be said that a further attempt to amend to state a claim would be futile as to any Defendant. Therefore, it is recommended that the claims recommended herein for dismissal be dismissed without prejudice and that Jones be permitted to file a Second Amended Complaint within a time specified by the Court following adoption of this Report. Finally, it is recommended that if Jones fails to file a curative amendment within the time specified by the Court, that all claims against DOC Defendant Edwards and the Medical Defendants be dismissed with prejudice.

III.    Notice Regarding Objections

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72((b)(2), and Local Rule 72(D)(2), the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72(D)(2).

Respectfully submitted this 12th day of August, 2024.

                                       _____
                                       RICHARD A. LANZILLO
                                       CHIEF UNITED STATES MAGISTRATE JUDGE